Matter of DeMun v DeMun (2018 NY Slip Op 07987)





Matter of DeMun v DeMun


2018 NY Slip Op 07987


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

524947

[*1]In the Matter of PATIENCE DeMUN, Respondent,
v
AARON S. DeMUN, Appellant. (And Two Other Related Proceedings.)

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Larisa Obolensky, Delhi, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Mark A. Schaeber, Liverpool, attorney for the child.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered April 28, 2017 in Chenango County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2009). The father also has a child from another relationship (born in 2012) (hereinafter, the nonsubject child). In June 2014, the mother and father agreed to an order granting joint legal custody with primary physical placement of the child with the mother and parenting time to the father. At some point prior to January 2016, there was an indicated Child Protective Services (hereinafter CPS) report stemming from the condition of the father's home. As a result, the father and the nonsubject child's mother agreed to an order issued in January 2016 that directed the father to, among other things, engage in preventive services, obtain a mental health evaluation and sign releases to allow CPS workers to review his mental health records (hereinafter the January 2016 order)[FN1]. Less than one month later, the nonsubject child's [*2]mother filed a violation petition, followed by a petition seeking sole custody (see Matter of Hensley v DeMun, 163 AD3d 1100, 1101 [2018]).
In April 2016, the mother filed a petition to modify the June 2014 order to suspend the father's parenting time and to institute supervised parenting time based on alleged changed circumstances, including the CPS report. Upon the filing of the April 2016 petition, Family Court (Revoir Jr., J.) suspended the father's parenting time. In July 2016, the mother filed a new modification petition seeking sole custody, citing, among other things, the "total and complete breakdown" of her relationship with the father and requesting, among other things, sole legal custody of the child. After an appearance and fact-finding hearing occurring on four days over nearly 11 months, Supreme Court issued a decision and order in April 2017 granting the mother's petition and awarding unsupervised parenting time to the father. The father appeals.
At the initial appearance on the mother's April 2016 order to show cause, the mother was represented by counsel but the father did not appear with counsel. Family Court advised the father that he had the right to be represented by counsel and that he could either retain counsel or apply for assigned counsel. In response, the father advised that he would "like to represent [him]self" and that "[his] attorney said that I should just be able to [inaudible] and get these taken care of." At this appearance, the court discussed the two pending petitions filed by the mother of the nonsubject child, which were scheduled for a fact-finding hearing five days later. The court concluded that the two proceedings had "the same general allegations . . . so it ma[de] sense . . . to do them together." The mother's attorney — who also represented the mother of the nonsubject child — agreed with the court's assessment. After the court explained to the father that he would otherwise have to wait three months for a hearing, the father also agreed to allow the case regarding the mother's modification petition to "merge" with the case involving the two petitions filed by the mother of the nonsubject child.
Initially, we reject the father's argument that an alleged delay deprived him of due process. For the reasons stated in Matter of Hensley v DeMun (supra) - the appeal by the father regarding Supreme Court's resolution of the two petitions filed by the mother of the nonsubject child - we find that the father was denied the right to counsel, and we must therefore reverse and remit for further proceedings. The remaining contentions have been rendered academic by this determination.
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: This order is not included in the record on appeal.